Seema Nanda, Solicitor of Labor
John Rainwater, Regional Solicitor
Lydia Tzagoloff, Associate Regional Solicitor
Tyler McLeod, Wage and Hour Counsel
Erik Vande Stouwe, Trial Attorney, CO #57192
1244 Speer Boulevard, Suite 515
Denver, CO  80204-3516
(202) 693-5618
vandestouwe.erik.r@dol.gov

Attorneys for Petitioner

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| JULIE A. SU, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Petitioner,<br><br>v.<br><br>SPARKING LIFE, LLC, AND DONELLE CLOUGH<br><br>Respondents. | Case No. 2:23-cv-179 |

## PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA

Petitioner Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Petitioner"), brings this petition to compel Respondents Sparking Life, LLC, a corporation and Donelle Clough, an individual (collectively, "Respondents") to produce the records, papers, and documents set forth in the subpoena *duces tecum* issued by the Regional Administrator of the Wage and Hour Division of the United States Department of Labor, and duly served upon the

Respondents pursuant to an investigation conducted under the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

## JURISDICTION AND VENUE

1. Petitioner brings this petition to compel Respondents to comply with an administrative subpoena *duces tecum*, issued by Betty Campbell, Regional Administrator, Wage and Hour Division ("WHD"), United States Department of Labor. The subpoena was issued on February 2, 2023, in the course of an investigation of Sparking Life pursuant to the FLSA. The United States Department of Labor, through WHD, repeatedly attempted to obtain the documents and information requested by the subpoena without resorting to judicial enforcement, but Respondents failed to produce the documents and information requested by the subpoena or to provide a credible explanation for the failure to produce responsive documents and information.

2. This Court has subject matter jurisdiction over this petition pursuant to section 49 of the Federal Trade Commission Act, 15 U.S.C. § 49, as made applicable by section 9 of the FLSA, 29 U.S.C. § 209.

3. (a) Respondents, at all relevant times herein, have been and are doing business in the State of Utah and have a principal office at 10125 Birnam Woods Way, South Jordan Utah 84009, within the jurisdiction of this Court.

    (b) Respondents are also employers, agents, and/or employees subject to the provisions of the FLSA.

## INVESTIGATION AND SUBPOENA

4. In January 2023, WHD's Salt Lake City District Office opened an investigation of Sparking Life to determine compliance with the FLSA and the regulations promulgated

thereunder. *See* Declaration of Brenda Leon Lopez ("Leon Lopez Dec.") ¶ 4, attached as Exhibit B.

5.      Throughout the course of the investigation, WHD issued numerous written and verbal requests for documents. *Id*. ¶¶ 7-9, 11-12, 15-17.  However, Respondents repeatedly failed to produce documents responsive to those requests. *Id*. ¶¶ 10, 12-13, 19. Respondents had multiple opportunities to provide all the records before WHD exercised its subpoena authority.

6.      WHD properly served its first subpoena *duces tecum* to Sparking Life on February 2, 2023, pursuant to 29 U.S.C. § 209 and 15 U.S.C. § 49. *Id*. ¶ 14. This subpoena sought three categories of routine information, including documents showing the identity of employees, hours worked, and wage payment information. *Id*. The subpoena gave Respondents until February 16, 2023, to produce the requested documents.  *Id*. ¶ 15. A true and correct copy of the subpoena *duces tecum* and proof of service is attached as Exhibit A.

### **RESPONDENTS' FAILURE TO COMPLY WITH THE SUBPOENA**

7.      On February 2, 2023, Clough sent a text message to WHI Lopez that she would be out of town on the day that the subpoena was due, and WHI Lopez responded by telling her that she could bring in the documents before the deadline. Clough responded "Oh perfect!". *Id*. ¶ 15.

8.      On February 17, 2023, WHI Lopez texted Clough that she had not received any records and Clough did not respond. *Id*. ¶ 16.

13. On February 22, 2023, Counsel for the Wage and Hour Division Tyler McLeod sent a demand letter giving Respondents one final opportunity to comply with the second subpoena *duces tecum* and requested complete responses by February 28, 2023. A true and correct copy of this letter is attached hereto as Exhibit H.

14. On March 6, 2023, following a conversation with the Solicitor's Office, Clough spoke with WHI Leon Lopez on the phone and discussed each item in the subpoena which was required for production. *Id*. at ¶ 16.

15. On March 7, 2023, WHI Leon Lopez sent Clough a text message asking for the required records by the end of the day. Clough told WHI Leon Lopez that the records "are coming today." *Id*. at ¶ 18. As of March 14, 2023 no records have been produced, however. *Id*. at ¶ 19.

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays that this Court enter an order (1) requiring Respondents to appear on a date certain to show cause, if there be any, why they should not appear before the designated representatives of WHD, at such reasonable time and place as the Petitioner or the Court may set, then and there to produce the records and information requested by the subpoena; (2) tolling the statute of limitations from the date Respondents should have produced the subpoenaed information until such time as Respondents have fully complied with WHD's subpoena *duces tecum*; (3) awarding costs to Petitioner, and (4) such other and further relief as may be necessary and appropriate. A proposed Order to Show Cause is attached hereto and lodged separately.

DATED this 14th day of March 2023.

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

JOHN RAINWATER
Regional Solicitor

LYDIA TZAGOLOFF
Associate Regional Solicitor

TYLER P. MCLEOD
Counsel for Wage and Hour

/s/ *Erik Vande Stouwe*

Attorneys for Petitioner