Seema Nanda, Solicitor of Labor
John Rainwater, Regional Solicitor
Lydia Tzagoloff, Associate Regional Solicitor
Tyler McLeod, Wage and Hour Counsel
Erik Vande Stouwe, Trial Attorney, CO #57192
1244 Speer Boulevard, Suite 515
Denver, CO  80204-3516
(202) 693-5618
vandestouwe.erik.r@dol.gov

Attorneys for Petitioner

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | | |
|---|---|---|
| JULIE A. SU, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) | |
| Petitioner, | ) ) | Case No. 2:23-cv-00179-RJS |
| v. | ) ) | THE HON. ROBERT J. SHELBY |
| SPARKING LIFE, LLC, AND DONELLE CLOUGH, | ) ) ) ) | |
| Respondents. | ) | |

## <u>MOTION FOR DEFAULT JUDGMENT</u>

Petitioner Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Petitioner"), brought this Petition to compel Respondents Sparking Life, LLC, a corporation and Donelle Clough, an individual (collectively, "Respondents") to produce the records, papers, and documents set forth in the subpoena *duces tecum* issued by the Regional Administrator of the Wage and Hour Division of the United States Department of Labor, and duly served upon the Respondents pursuant to an investigation conducted under the Fair Labor Standards Act of 1938,

as amended ("FLSA"), 29 U.S.C. § 201, *et seq.* ECF No. 1. Respondents have failed to answer this Petition, and the Clerk of Court has entered a default pursuant to FED. R. CIV. P. 55(a) and DUCivR55-1(a). ECF No. 7. Petitioner now applies to the Court for a default judgment, pursuant to FED. R. CIV. P. 55(b)(2) and DUCivR55-1(b)(2).

### Factual and Procedural Background

In January 2023, the Wage and Hour Division of the U.S. Department of Labor ("WHD") opened an investigation of Sparking Life, LLC to determine its compliance with the FLSA. Petition ("Pet.") ¶ 4. Throughout the investigation, WHD sent Sparking Life, and its owner, Donelle Clough, numerous written requests for documents. Pet. ¶ 5. Wage and Hour Inspector Brenda Leon Lopez ("WHI Leon Lopez") left Clough numerous voicemails as well, and told her of the importance of producing payroll, time records, and other wage and hour documents at the Initial Conference. *Id*. Despite these entreaties, Clough steadfastly refused to provide more than a handful of documents. On February 2, 2023, Wage and Hour Regional Administrator Betty Campbell ("the Regional Administrator") issued a subpoena *duces tecum* to Sparking Life. *Id*. at ¶ 6.

The Subpoena sought routine employment information necessary for WHD to carry out a Wage and Hour Investigation. Pet. ¶ 6. WHD requested documents showing the identities of employees, hours worked by employees, and payroll information. *Id*. WHD gave Sparking Life until February 16, 2023 to produce the documents. A true and correct copy of the Subpoena and proof of service is attached to the Petition as Exhibit A ECF No. 1-3.

After the deadline for production passed, WHD and counsel attempted to persuade Clough to comply with the Subpoena for almost another month before filing this enforcement

action on March 14, 2023. Pet. ¶¶ 7-15. Despite repeatedly stating that she would produce records, Clough produced no records at all between the issuance of the subpoena on February 2, 2023, and Monday March 20, 2023, a week after this lawsuit was filed. *Id*. Even then, Respondents produced only a fraction of the requested documents. This production is outlined in the Second Declaration of WHI Brenda Leon Lopez ("Second Leon Lopez Dec."), a true and correct copy of which is attached hereto as Exhibit A. Since the Petition was filed on March 14, 2023, Respondents have produced the following documents.

- Six pages of undated, handwritten lists of employees with their hourly wage and dates of employment.

- Thirteen pages of screenshots of payroll summaries for a number of employees from September 16, 2022 up to March 31, 2023.

- Thirteen pages of checks and miscellaneous W-2 statements.

- Fifty-nine pages of miscellaneous payroll summaries.

- The Certificate of Organization of Sparking Life, LLC. Second Leon Lopez Dec. ¶ 5.

These documents are not fully responsive to the subpoena and do not provide WHD with sufficient information to determine the extent of Respondents' violation of the FLSA. *Id*. at ¶ 6. Without complete payroll and time records, WHD cannot accurately calculate the amount of backwages owed to Respondent's employees.

On April 18, 2023, Petitioner moved for a Motion for the Entry of Default on the grounds that Respondents had failed to timely answer the Petition as required by FED. R. CIV. P. 12(a)(1)(A)(i). (ECF No. 6). The Clerk of Court entered a Certificate of Default on April 24, 2023. ECF No. 7. A true and correct copy of that Order is attached as Exhibit B.

## Legal Standard

Rule 55 of the Federal Rules of Civil Procedure provides that a default judgment can be entered by the Clerk, where a plaintiff seeks a sum certain, or by the Court, in all other cases. FED. R. CIV. P. 55(b). "The Court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate a judgment, it needs to: (A) conduct a hearing; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." FED. R. CIV. P. 55(b)(2). "Once default is entered, 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)).

## Argument

Pursuant to this District's local rules, Petitioner now moves the Court for an entry of default judgment against Respondents. *See* DUCivR 55-1(b)(2). This motion is properly before the Court under FED. R. CIV. P. 55(b)(2) because the Clerk has entered a Default against Respondents and Petitioner seeks injunctive, not monetary, relief. *Id*. Pursuant to DUCivR 55-1(b)(3), Petitioner has no reason to believe that Respondent Donelle Clough is in military service. Second Leon Lopez Dec. ¶ 7.

The Court has jurisdiction over this matter because the Regional Administrator issued the subpoena for which she seeks enforcement pursuant to section 49 of the Federal Trade Commission Act, 15 U.S.C. § 49, incorporated by section 9 of the Fair Labor Standards Act, 29 U.S.C. § 209.

Such attendance of witnesses, and the production of such documentary evidence, may be required from any place in the United States, at any designated place of hearing. And in case of disobedience to a subpoena the Commission may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence.

Any of the district courts of the United States within the jurisdiction of which such inquiry is carried on may, in case of contumacy or refusal to obey a subpoena issued to any person, partnership, or corporation issue an order requiring such person, partnership, or corporation to appear before the Commission, or to produce documentary evidence if so ordered, or to give evidence touching the matter in question; and any failure to obey such order of the court may be punished by such court as a contempt thereof. *Id*.

The facts outlined in the Petition warrant the enforcement of Petitioner's subpoena. The Regional Administrator issued the lawful subpoena *duces tecum* to Respondents on February 2, 2023. Pet. ¶ 6; ECF No. 1-3. Despite WHI Leon Lopez's patient efforts to help Respondents answer the subpoena, Respondents have produced only a small fraction of the documents requested by the subpoena. *Id*. at ¶¶ 14-15; Second Leon Lopez Dec. at ¶ 5.

Petitioner has no other recourse to obtain the documents requested by the subpoena except by this Court's equitable relief. The documents requested by the subpoena are necessary to determine the amount of backwages owed to Respondent's employees under the FLSA, and only by this Court's action can those employees be made whole. *See* Second Leon Lopez Dec. ¶ 6. To that end, Petitioner moves this Court to enter a default judgment and an order enforcing its February 2, 2023 subpoena. Pursuant to DUCivR 55-1(b)(2) a Proposed Form of Default Judgment is attached hereto as Exhibit C.

DATED this 8th day of May 2023.

Respectfully submitted,

SEEMA NANDA

5

Solicitor of Labor

JOHN RAINWATER
Regional Solicitor

LYDIA TZAGOLOFF
Associate Regional Solicitor

TYLER P. MCLEOD
Counsel for Wage and Hour

*/s/ Erik Vande Stouwe*

Attorneys for Petitioner